CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 28, 2017

LETTER TO COUNSEL

      RE:    *Kimberly Ann Lockard v. Commissioner, Social Security Administration*;
               Civil No. SAG-16-3010

Dear Counsel:

On August 29, 2016, Plaintiff Kimberly Ann Lockard petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Lockard's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Lockard filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 15, 2013, alleging a disability onset date of December 15, 2012. (Tr. 196-210). Her claims were denied initially and on reconsideration. (Tr. 112-19, 127-30). A hearing was held on July 9, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 28-69). Following the hearing, the ALJ determined that Ms. Lockard was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-27). The Appeals Council denied Ms. Lockard's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Lockard suffered from the severe impairments of "diabetes mellitus (DM), obesity, polyneuropathy, bilateral hallux valgus deformity (bunions), mild degenerative changes of the knees, degenerative disc disease of the lumbar and thoracic spines, adhesive capsulitis of the right shoulder with degenerative changes, and patellofemoral arthrosis of the knees." (Tr. 15). Despite these impairments, the ALJ determined that Ms. Lockard retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can perform work that does not require climbing ladders, ropes or scaffolds, or crawling, but can occasionally climb ramps and stairs, stoop, and

      crouch. She can frequently balance, and must avoid work with concentrated exposure to unprotected heights or moving dangerous machinery.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Lockard could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 21-22).

      Ms. Lockard's sole argument on appeal is that the ALJ failed to include walking and standing limitations in her RFC assessment.[1] Pl. Mot. 7-8. Specifically, Ms. Lockard contends that the absence of "any durational limitations in the amount of time [she] can stand and or walk in an 8-hour work day is clear error on the ALJ's part." *Id.* at 7. To support her assertion, Ms. Lockard cites complaints of "leg pain, swelling, tingling and numbness," and notes that her symptoms "worsen with activity." *Id.* However, there is no requirement that every severe impairment correlate with a particular restriction in the RFC assessment. *Carrier v. Astrue*, No. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013). A claimant's burden of showing a severe impairment at step two is only a "*de minimis* screening device used to dispose of groundless claims." *Taylor v. Astrue*, No. BPG-11-032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)). Accordingly, any doubt or ambiguity in the evidence at step two should be resolved in the claimant's favor, and the ALJ should continue with the sequential evaluation. SSR 85-28. While there is no requirement that each impairment correlate with particular restrictions, the ALJ's findings of the claimant's limitations must be supported by substantial evidence. *Carrier*, 2013 WL 136423 at *1.

      In this instant case, the ALJ noted Ms. Lockard's allegations and reviewed the medical evidence of record, but found that "her testimony regarding significant limitations in standing…and walking [were] not credible in light of the clinical signs and diagnostic studies." (Tr. 20). Specifically, the ALJ noted "unremarkable" findings on objective medical tests of Ms. Lockard's lower extremities, (Tr. 17-19), including "normal" functioning of the "ankle brachial indices," (Tr. 18), "normal gait," (Tr. 19), "mild sensory peripheral polyneuropathy," *id.*, "stable ligamentous testing," *id.*, "normal" foot screening, *id.*, "okay" heel and toe strength, (Tr. 20), and a "negative" straight leg raise test, *id.* In addition, the ALJ noted that the medical record showed no evidence of "deep vein thrombosis," (Tr. 18), no "problems with edema," (Tr. 19), "no weakness in the tibial motor nerve," *id.*, "no effusion in the knees," *id.*, and "no symptoms in the distribution of the peripheral nerve root," *id.* Moreover, the ALJ noted that Ms. Lockard "denied

---

[1] Ms. Lockard also argues that the ALJ failed to provide the VE with a sufficient hypothetical. Pl. Mot. 7-8. Specifically, Ms. Lockard contends that the ALJ's failure to include standing and walking limitations in the hypothetical to the VE rendered the VE's opinion deficient. *Id.* However, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Indeed, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). In this case, as noted above, the ALJ provided substantial evidence to support his conclusion that Ms. Lockard's standing and walking limitations did not warrant corresponding restrictions in the RFC assessment. Therefore, the ALJ was under no obligation to include standing and walking limitations in his hypothetical to the VE. Accordingly, the ALJ's hypothetical was proper, and remand is unwarranted.

gait or new neurological symptoms," (Tr. 18-19), conceded that her symptoms were "stable," (Tr. 18) (citing (Tr. 420)), and contradicted her allegations of pain in medical appointments, (Tr. 19). Furthermore, the ALJ cited the State consultants' determination that Ms. Lockard's allegations regarding her limitations in standing and walking were "not supported by the evidence," (Tr. 96), and that she was able to perform her "past relevant work as [a] cashier," (Tr. 86), which requires considerable standing and walking consistent with light work. *See* SSR 83-10 (noting that the "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.").

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Lockard's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, the ALJ provided substantial evidence to support his conclusion that Ms. Lockard's standing and walking limitations did not warrant corresponding restrictions in the RFC assessment. Remand on this basis is therefore unwarranted.

For the reasons set forth herein, Ms. Lockard's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge